FILED
2013 Nov-01  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Solomon G. Johnson, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | 2:13-cv-08000-LSC |
| | ] | 2:08-cr-0064-LSC-RRA-1 |
| United States of America, | ] | |
| | ] | |
| Respondent. | ] | |

MEMORANDUM OF OPINION

I.      Introduction

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C.

§ 2255, filed by Petitioner Solomon G. Johnson ("Johnson") on February 4, 2013.

(Doc. 1.)  Johnson challenges his 2009 conviction and sentence in a multi-defendant

criminal case involving drug trafficking and counterfeiting offenses.  The Court has

now received and considered several submissions by Johnson, as well as Respondent,

the United States of America.  For the reasons set forth below, Johnson's § 2255

motion will be denied.

II.      Background

On April 29, 2008, Johnson was charged in a superceding indictment with conspiracy to possess with the intent to distribute and to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, and five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, each being a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846.  Johnson was also charged in four substantive drug trafficking counts, a money laundering count, and numerous counts involving the use of a telephone to facilitate drug trafficking crimes.

Three days later, the United States filed an information pursuant to 21 U.S.C. § 851, placing Johnson on notice of his prior drug felony convictions for enhanced sentencing purposes under 21 U.S.C. § 841(a)(1), *et seq*.

Following numerous pretrial motions, the trial began on July 28, 2008.  After several days of trial, however, the district court judge assigned to the case at that time declared a mistrial at the request of the defense.[1]  The case was reset for trial on

---

[1] More specifically, after the jury was empaneled and sworn for the first trial, the district court realized that the trial was going to take longer than had been originally anticipated.  Because of personal commitments, the court informed the parties and jury that there would be a two-week continuance in the middle of trial.  Several jurors claimed that they would face a hardship from the continuance, leaving only 11 jurors to hear the case.  After considering their options, defendants asked the court to declare a mistrial.  The court did so.

August 25, 2008, and was reassigned to the undersigned judge. The trial was then reset for September 22, 2008.

The trial began on September 22, 2008, and ended on October 3, 2008, with a jury verdict finding Johnson guilty of Counts One, Five, Seven, Nine, Thirty-Eight, Thirty-Nine, Forty-Four through Forty-Six, and Fifty One. He was found not guilty of the money laundering count and several phone counts involving co-defendant Sharon Jones, whom the jury acquitted.

On January 29, 2009, the court sentenced Johnson to be imprisoned for 360 months on Counts One, Seven and Nine, with each of the counts to run concurrently with the other. On the remaining counts of conviction, Johnson received lesser custodial sentences that were ordered to run concurrently with each other. Pursuant to the jury's forfeiture verdict, the court also ordered forfeiture in the amount of $6,000,000.

On February 11, 2009, Johnson filed his notice of appeal. One week later, the court appointed appellate counsel. On August 26, 2009, Johnson filed a motion to appoint new counsel on his appeal. On September 22, 2009, the court granted Johnson's motion and appointed a new attorney to represent him. Johnson's new attorney filed his appeal, claiming that the defendant's conviction violated the double

jeopardy clause, due to the July 28, 2008 trial that ended in a mistrial.  The Eleventh

Circuit rejected this argument and issued a mandate affirming Johnson's conviction

on May 22, 2012.  Johnson did not seek certiorari to the Supreme Court.

Johnson filed his § 2255 motion on February 4, 2013, asserting the following

grounds for post-conviction relief:

1.   Ineffective assistance of counsel generally at all stages of the proceedings;

2.   Evidence at trial was insufficient to establish the jury's findings of guilt;

3.   Hearsay testimony violated Johnson's Sixth Amendment right to confront witnesses against him, citing *Crawford v. Washington*;

4.   Johnson's sentence was inconsistent with the jury verdict;

5.   Johnson's indictment was based on false testimony before the grand jury;

6.   The enhancement of Johnson's sentence, pursuant to 21 U.S.C. § 851, was unconstitutional.

The Government responded to Johnson's § 2255 motion and in said response moved

the Court to grant summary judgment in its favor and deny Johnson's § 2255 motion

without an evidentiary hearing.  (Doc. 8.)  Johnson subsequently filed a motion to

amend his pending § 2255 motion, in which he explained his ineffective assistance of

counsel claims in more detail as follows: 1) counsel failed to challenge a sentence

enhancement pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B) which increased the

statutory maximum sentence to life in prison on the ground that his prior convictions did not qualify as prior felony drug convictions under those sections and on the ground that the Government failed to comply with the notice requirement found at 21 U.S.C. § 851(a)(1) by not filing the notice anew after a mistrial was granted; 2) counsel failed to object to the district court's calculation of his sentence under 21 U.S.C. § 841(b)(1)(B) where the jury found him guilty of violating penalty section 841(b)(1)(C); and 3) counsel failed to communicate a plea offer to him that he says was "still on the table" after the mistrial and before the second trial.  (Doc. 11.)  The Government responded to the amended motion, again arguing for the dismissal of the § 2255 motion without an evidentiary hearing.  (Doc. 13.)  Johnson then filed a traverse to the Government's response, in which he reiterated several of his arguments but also appears to raise a new claim for relief: that he is innocent of the offense charged in Count One of the indictment, 21 U.S.C. §§ 846, 841(b)(1)(A), because the jury found that he was responsible for less than 500 grams of cocaine hydrochloride and between 5 and 50 grams of cocaine base, thus making him guilty of violating 21 U.S.C. §§ 846, 841(b)(1)(B) and (b)(1)(C) instead.  (Doc. 17.)  Johnson remains in custody.

III.    Discussion

      A.    Timeliness and Non-Successive Nature of Johnson's § 2255 Motion

Because Johnson filed his § 2255 motion within one year of the date that the Eleventh Circuit issued its mandate (even excluding the 90 days in which to file a petition for certiorari), the motion is timely filed. *See* 28 U.S.C. § 2255, paragraph 6(1). Further, nothing in the record indicates that Johnson previously filed a § 2255 motion. Thus, the current motion is not "successive" within the meaning of § 2255, paragraph 8.

B.    Merits of Johnson's § 2255 Motion

Johnson's claims can be separated into two categories. First, he claims ineffective assistance of counsel generally and at all stages of the proceedings. Second, he raises challenges to his conviction on the merits, the admissibility of evidence used to indict and convict him, and the lawfulness of the sentence imposed by the court. With regard to the second category, each of these claims is procedurally defaulted. The Court will thus address the second category first, and the ineffective assistance of counsel claims second.

1.    Grounds Two Through Six, and the New Claim Raised for the First Time in Johnson's Traverse, are Procedurally Defaulted

A § 2255 motion is not a substitute for direct appeal. *Sunal v. Large*, 332 U.S. 174, 178 (1947). In other words, claims not raised on direct appeal may not be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In order to

be adequately preserved, the defense must raise the issue at trial and on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 490-92 (1986). There are a few notable exceptions to this rule, including ineffective assistance of counsel and "jurisdictional" claims.

Johnson concedes that the only issue he raised on appeal to the Eleventh Circuit was a double jeopardy claim. The Eleventh Circuit rejected his argument, affirming his conviction. None of the issues now raised by Johnson were raised on direct appeal.

If a defendant fails to pursue an available claim on direct appeal, he is barred from presenting the claim in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error. *Id; see also Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir. 1990), *cert. denied,* 498 U.S. 849 (1990). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997). In addition to showing cause, the movant must also demonstrate that he was prejudiced. To show prejudice, he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting

his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

With regard to grounds 2, 3, and 5 of his initial § 2255 motion, Johnson has offered nothing in any of his three submissions to this Court to demonstrate either cause or actual prejudice.  With regard to ground 2, whether there was sufficient evidence to support his conviction should have been raised on direct appeal, if at all. In his third claim, Johnson alleges generally that the court erred in admitting evidence that included hearsay testimony in violation of his Sixth Amendment right to confront and examine witnesses against him.  Johnson never explains what specific evidence or testimony he is referring to.  In any event, the procedural default rule applies to constitutional claims such as this.  *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).  Johnson has offered no evidence or argument for why his confrontation claim argument he now raises was not available to him at the time he appealed his conviction and sentence.  If Johnson believed that the district court erred in admitting

some evidence, the appropriate remedy was to appeal these rulings.  Since Johnson failed to do so, he is procedurally defaulted from raising them now.  The same is true for ground 5, in which Johnson alleges that his indictment was based on false testimony before the grand jury.  He offers no details to support this conclusory assertion, much less a reason for why his procedural default in failing to raise the issue on appeal should be excused.

The ground raised by Johnson for the first time in his traverse is similarly procedurally defaulted.  Johnson argues that he is innocent of violating the offense charged in Count One of the indictment, 21 U.S.C. §§ 846, 841(b)(1)(A), because the jury found that he was responsible for less than 500 grams of cocaine hydrochloride and between 5 and 50 grams of cocaine base, thus making him guilty of violating 21 U.S.C. §§ 846, 841(b)(1)(B) instead.  Thus, Johnson is not arguing that he is innocent of violating the conspiracy count, but that because the jury ultimately found him to be responsible for a lesser amount of cocaine hydrochloride and cocaine base than was charged in the indictment, his sentence must be vacated.  Johnson has presented nothing to demonstrate cause for failing to raise this issue on direct appeal or actual prejudice resulting from the alleged error.  As such, this claim is also procedurally defaulted.

Johnson's grounds 4 and 6 are based on several errors he alleges were made by the court in sentencing him, namely, that his sentence was inconsistent with the jury's verdict in the case and that his sentence was unlawfully enhanced pursuant to 21 U.S.C. § 851. Johnson failed to raise any sentencing issues on appeal to the Eleventh Circuit. He alleges in his amendment to his § 2255 motion, however, that his counsel was ineffective for failing to raise these two issues, among other things. Because ineffective assistance of counsel can establish cause for procedural default in some cases, *see Reece*, 119 F.3d at 1465, grounds 4 and 6 will be discussed in the following section pertaining to Johnson's ineffective assistance of counsel claims. However, as discussed *infra*, the Court does not find Johnson's counsel ineffective, so Johnson has failed to establish cause to excuse his procedural default on grounds 4 and 6 as well.

### 2.    Johnson Was Not Denied Effective Assistance of Counsel

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar. *Massaro,* 538 U.S. at 504. The applicable standard is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687

(1984).   More specifically, the movant must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88.  In applying this framework, the court should be "highly deferential" in evaluating counsel's performance and must bear in mind that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged performance, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The court must also indulge a strong presumption that counsel's performance falls within the "wide range of reasonable professional assistance." *Id.*; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decisions about which competent lawyers might disagree" do not qualify as objectively unreasonable). A movant who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Where a movant fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *See Frey v. Schuetzle*,

151 F.3d 893, 899 (8th Cir. 1998) (declining to consider prejudice because counsel's recommendation was within wide range of reasonable judgment). Where the court does consider this prong, the movant must show that counsel's errors were prejudicial and deprived the defendant of a "fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden is met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391-93 (2000); *Strickland*, 466 U.S. at 692.

As noted, Johnson argues that his trial, and apparently his appellate, counsel, was ineffective for three reasons: 1) by failing to challenge a sentence enhancement pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B) which increased the statutory maximum sentence to life in prison on the ground that his prior convictions did not qualify as prior felony drug convictions under those sections and on the ground that the Government failed to comply with the notice requirement found at 21 U.S.C. § 851(a)(1) by not filing the information anew after a mistrial was granted; 2) by failing to object to the district court's calculation of his sentence under 21 U.S.C. § 841(b)(1)(B) where the jury found him guilty of violating penalty section 841(b)(1)(C); and 3) by failing to communicate the Government's plea offer that he says was "still

on the table" after the mistrial and before the second trial. Each of Johnson's claims is without merit and will be addressed in turn.

        *i.*     *Failure to Object to Sentencing Enhancements and Notice Provision*

Johnson claims that the sentence enhancement found at 21 U.S.C. § 841(a)(1) and (b)(1)(B), which increased the statutory maximum sentence to life in prison, should not have been applied because the Government failed to comply with the notice requirement found at 21 U.S.C. § 851(a)(1). Title 21, United States Code, section 851(a)(1) provides in pertinent part,

> [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The United States complied with this provision by filing with the court an information specifying Johnson's prior drug felony convictions which were used to enhance his sentence. The information was filed on May 2, 2008. (*See* Doc. 126 in 2:08-cr-0064-LSC-RRA-1.) Yet Johnson argues that his trial attorney was ineffective for both failing to challenge his underlying convictions as qualifying prior felony drug convictions as

noticed pursuant to § 851 and for failing to argue that the enhancement was invalid since the Government did not refile the § 851 notice after the first mistrial and before the second trial.

As to the first argument, Johnson cites a hodgepodge of sections from the United States Sentencing Guidelines that do not apply to the penalty sections set forth at 21 U.S.C. § 841. Johnson's attorney could not have been ineffective for failing to raise the issue now raised by Johnson because Johnson is wrong, applying incorrect definition sections to the language set forth at 21 U.S.C. § 841(b)(1)(B). The relevant portion of penalty section 841(b)(1)(B) reads, "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ." The appropriate definition for the term "felony drug offense" within Title 21 is found within the title itself at section 802(44), defining a felony drug offense as, "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Thus, the arguments made by Johnson citing to various sections within the United States Sentencing Guidelines are

simply misapplied and irrelevant. Johnson pled guilty in Jefferson County, Alabama, Circuit Court in July 2004 to Unlawful Possession of Cocaine and in January 2004 to Possession of Drug Paraphernalia in separate case numbers.  The unlawful possession of cocaine conviction carried with it a sentence in the penitentiary of one year and one day.  That conviction is a felony offense under Alabama State law and clearly meets the definition set forth above.  Johnson's attorney undoubtedly knew this and failed to raise the issue for good reason.

As to the second argument, Johnson cites no authority for the proposition that the Government had to file the § 851 notice anew before the second trial, when it had already done so prior to the first trial.  The purpose of the notice requirement within § 851 is to ensure that prior to entry of a guilty plea or trial the defendant is aware of the penalties he is facing.  The information filed in Johnson's case on May 2, 2008, did not disappear from the record following the mistrial in his case, rather, it served, and continues to serve, as notice to Johnson and anyone reviewing the docket in the case that Johnson was facing enhanced penalties based upon his having been earlier convicted of a "drug felony offense."  Accordingly, counsel's conduct did not fall below an objective standard of reasonableness when he did not challenge the § 851 notice on this ground.

ii.    *Failure to Object to Calculation of Sentence Pursuant to §*
       *841(b)(1)(B)*

Johnson also claims that his trial attorney was ineffective for failing to challenge the district court's calculations of his sentencing guidelines.  Johnson argues that he was convicted on Count One of conspiracy to possess with the intent to distribute and distribute less than 500 grams of cocaine hydrochloride that carried an applicable penalty of no more than twenty years as provided for in 21 U.S.C. § 841(b)(1)(C). While true, Johnson fails to mention that in the same count he was also convicted of conspiracy to possess with the intent to distribute and distribute 5 grams or more of cocaine base.  (*See* jury verdict form, doc. 13-1.)  This finding by the jury subjected Johnson to the penalties set forth in § 841(b)(1)(B) (providing that possessing "5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base" increases the statutory maximum to forty years and also carries a mandatory minimum sentence of five years).  Importantly, Johnson's trial counsel *did* object to the presentence investigation report on this ground.  The district court heard counsel's argument and thoroughly discussed the objection during Johnson's sentencing hearing, ultimately overruling his objection.  To the extent Johnson is claiming his appellate counsel was ineffective for failing to raise the issue on appeal, again, Johnson's attorney could not have been ineffective for failing to raise this issue

because Johnson is wrong.  On Count One, he was punished under penalty §

841(b)(1)(B), the same penalty section the jury found him to have violated.  Thus, his

guidelines were properly calculated, and his appellate counsel had good reason for not

objecting to the district court's calculations on this ground.  *See Jones v. Barnes*, 463

U.S. 745, 751-54 (1983) (recognizing that appellate counsel needs latitude in selecting

issues to raise on appeal).

In his amendment to his § 2255 motion, Johnson also incorporates into this

argument a claim that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466

(2000) by applying penalty section 841(b)(1)(B) over the jury's finding of a drug

quantity of less than 500 grams of cocaine hydrochloride and thereby sentencing him

in excess of the statutory maximum contained in § 841(b)(1)(C).  *Apprendi* stands for

the proposition that any fact, other than a prior conviction, that increases the penalty

for a crime beyond the prescribed statutory maximum must be submitted to the jury

and proven beyond a reasonable doubt.  *Id.* at 490.  To the extent Johnson is claiming

that his trial and appellate counsel were ineffective for not raising this *Apprendi*

argument, this argument is also foreclosed by the fact that he was punished under

penalty § 841(b)(1)(B), the same penalty section the jury found him to have violated;

thus counsel's failure to challenge his sentence on this ground certainly did not fall below an objective standard of reasonableness.

       *iii.*    *Failure to Communicate a Plea Offer Before the Second Trial*

Finally, Johnson claims that his trial attorney was ineffective for "failing to negotiate a deal or convay [sic] the deal that was still on the table before the second trial." Specifically, Johnson alleges that before the first trial began on July 28, 2008, the Government offered him a plea of 120 months in exchange for cooperating with the Government, which he declined. He further alleges that before the second trial, he advised his counsel to negotiate a better deal or take the 10 years the Government was—in Johnson's estimation—still offering. Johnson says that if his counsel had informed him of the plea offer "that was still on the table" before the second trial he would have accepted it and not proceeded to trial and received a 360-month sentence.

The Government responds that contrary to Johnson's assertions, there was only one plea offer made to Johnson in this case. He was offered the opportunity to enter a plea of guilty to the charged offenses and potentially receive a downward departure for substantial assistance in exchange for his cooperation in the case. There was no guarantee of any sentence made to Johnson. This offer was communicated to Johnson by his trial defense attorney. In fact, undersigned counsel for the Government,

Assistant U.S. Attorney Gregory Dimler, states that he was present at a very brief meeting at the Shelby County Jail at which he and Special Agent Jim Langnes with the Drug Enforcement Administration personally overheard Johnson advise his attorney that he did not wish to plead and cooperate in the case and that he had "done nothing wrong." Notably, this brief meeting was referenced by both Johnson and his trial counsel during Johnson's sentencing. (*See* Doc. 497 at 41-42 in 2:08-cr-64-LSC-RRA-1.) The Government contends that after that point, Johnson was in a trial posture from which he never wavered, there was never a second or different plea offer made by the Government, and any representation by Johnson to the contrary is false.

A movant who seeks to overcome the presumption that his counsel's performance met a wide range of professional reasonable judgment may not carry his burden by offering bare accusations and complaints. *Strickland*, 466 U.S. at 690. Here, Johnson states that there was a "formal" and "written" plea offer on the table before the second trial, but he offers absolutely no facts to corroborate this statement. Notably, since he claims that his trial counsel never conveyed the offer to him, it is unclear how he is so confident that such an offer existed. Johnson's unsupported accusation makes this case different from some others in which courts have held that counsel was ineffective in failing to communicate a plea offer that was actually on

record.  In *Alvarez-Sanchez v. United States*, 350 F. App'x 421, 423 (11th Cir. 2009), the § 2255 movant raised an ineffective assistance of counsel claim against his trial attorney for failing to communicate a plea offer, swearing that he did not learn of the plea offer that the Government had extended to him in November 2004 until his appellate attorney later sent him documents from the case during his appeal, including the written plea offer.  The court held that the district court erred in denying the ineffective assistance of counsel claim based on the defense attorney's affidavit stating that he had in fact communicated the plea offer to the defendant and he had rejected it, noting that contested factual issues in a § 2255 proceeding ordinarily may not be determined based solely on affidavits.  *Id.*  The court thus ordered the district court to conduct an evidentiary hearing to develop an adequate record on the issue of whether the defense attorney communicated the November 2004 written plea offer to the defendant.  *Id.* at 424.  However, it is well-settled that in § 2255 cases, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)) (stating this rule in the context of an ineffective-assistance-of-counsel

claim). In this case, the only plea offer that is supported by the record is the one the Government—and Johnson—acknowledge was extended to him before the first trial. Johnson's attorney communicated this offer to him, and he declined, stating he had done nothing wrong. Johnson's unsupported allegation that some kind of offer was "still on the table" before the second trial, and that his attorney never communicated the offer to him, does not carry Johnson's burden of making out an ineffective assistance of counsel claim or trigger the need for an evidentiary hearing on the matter.

In sum, since Johnson has made no showing that either his trial or appellate counsel's performance fell below an objective standard of reasonableness, there is no basis from which to examine whether he was prejudiced. Because Johnson's ineffective assistance claims are thus due to be denied, he has likewise not established cause to excuse his procedural default on these claims.

IV.   CONCLUSION

For the foregoing reasons, Johnson's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice. A separate order will be entered consistent with this opinion.

Done this <u>1st</u> day of <u>November 2013</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]